IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 16 2005

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

Aaron Anthony Flemons #119749
_____

(Enter above the full name of the plaintiff(s)
in this action.)

V.   CASE NO. 5:05CV00050 JFF

Correctional Medical Services et. Al.
(C.M.S.)

(Enter above the full name of the defendant(s)
in this action.)

This case assigned to District Judge Wright
and to Magistrate Judge Austin

I.   Previous Lawsuits
   a. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action?

   Yes ___✓___   No _____

   b. If your answer to "a" is "Yes", describe each lawsuit in the space below including the exact plaintiff name or alias used. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

      1. Parties to this lawsuit
         Plaintiffs: Aaron Flemons #119749

         Defendants: ① Daryl Gardner   ② Brown/Davis et. Al.

      2. Court (if federal court, name the district; if state, name the county): _____
         ① Eastern District   ② Eastern District

      3. Docket Number: ① 5:03 CV00014   ② 2:03 CV00082

      4. Name of judge to whom case was assigned: ① J.F.F.   ② J.W.C.

1

2

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?): ⑩ Still pending    ⑤ Dismissed    no appeal

6. Approximate date of filing lawsuit: ⓒ 1-15-03    ⑤ 6-6-03

7. Approximate date of disposition: _____

II. Place of Present Confinement: Varner Super Max  P.O. Box 400
Grady, AR 71644-0400

III. There is a prisoner grievance procedure in the Arkansas Department of Corrections. **Failure to complete the grievance procedure may affect your case in federal court.**

a. Did you present the facts relating to your complaint in the state prisoner grievance procedure?

Yes ✓    No ____

b. If your answer is "yes", attached copies evidencing completion of the final step of the grievance appeal procedure. **FAILURE TO ATTACH THE REQUIRED COPIES MAY RESULT IN THE DISMISSAL OF YOUR COMPLAINT.**

c. If your answer is "no", explain why not: _____

IV. Parties

(In item "a" below, place your name in the first blank and place your present address in the second blank.

a. Name of Plaintiff: Aaron Anthony Flemons    # 119749
Address: Varner Super Max  P.O. Box 400
Grady, AR 71644-0400

Name of Plaintiff: _____

Address: _____

(In item "b" below, place the <u>full</u> name of the defendant in the first blank, his official position in the second blank, his place of employment in the third blank, and his address in the fourth blank.)

b. ① Defendant: C.M.S.

Position: Medical Services

Place of Employment: Arkansas Dept. of Corr. Varner Unit

Address: P.O. Box 600 Grady, AR 71644-0400

② Defendant: John Doe or Jane Doe (Name Unknown)

Position: ~~Demonstration~~ Dentist

Place of Employment: Varner Unit

Address: P.O. Box 400 Grady, AR 71644-0400

③ Defendant: John Doe or Jane Doe (Name Unknown)

Position: Infirmary Manager

Place of Employment: Varner Unit

Address: P.O. Box 400 Grady, AR 71644-0400

④ Defendant: John Doe or Jane Doe (Name Unknown)

Position: _____

Place of Employment: Varner Unit

Address: P.O. Box 400 Grady, AR 71644-0400

" Quantity of Defendants unknown at time of filing. Name unknown also.

V. Statement of Claim

State here as briefly as possible the <u>facts</u> of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. It you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

SEE ATTACHED SHEET

VI. Relief

**State briefly exactly what you want the court to do for you.** Make no legal arguments. Cite no cases or statutes.

SEE ATTACHED SHEET

I declare under penalty of perjury (18 U.S.C. § 1621) that the foregoing is true and correct.

Executed this __11__ day of __FEBRUARY__, 20 __05__.

Signature(s) of Plaintiff(s)

In the United States District Court
Eastern District of Arkansas
Eastern Division

Aaron Fiemons #116749          Plaintiff

V.     Case # _____

Correctional Medical Services et. Al.        Defendant

## Statement of Claim

### Preliminary Statement

This is a civil rights action filed by Aaron Fiemons, a state prisoner for damages under 42 U.S.C. §§ 1983 alleging denial of medical attention in violation of the Eighth Amendment to the United States Constitution.

### Jurisdiction

1.) The Court has jurisdiction over the plaintiffs claims of violations of federal constitutional rights under 42 U.S.C. §§ 1331(a) and 1343.

### Parties

2.) The plaintiff Aaron Fiemons is incarcerated at Varner Super Max and has been during the events described in this complaint.

3.) Defendants Correctional Medical Services are over medical at the Varner Unit. They are sued in their individual capacity.

4.) The names of the numerous defendants are unknown at this time. They are responsible for providing treatment and ensuring that treatment is provided. The names will be provided. They are sued in their individual capacity.

5.) All the defendants have acted under color of state law at all times relevant to this complaint.

### Facts

6.) On 10-16-04 the plaintiff submitted a dental request to the Varner Unit Infirmary complaining about the pain my tooth was causing me and about a cavity.

7.) I was scheduled to have the cavity filled and a tooth pulled the same month.

8.) I was not given any medication to subdue the pain until treatment could be provided.

9.) I was not seen that month, as I was advised, by the dentist, that I would be.

10.) On 11-10-04 I submitted a grievance about my painful tooth and denial of medical attention by infirmary staff.

11.) As I waited numerous months for my grievance to be completely exhausted I lay in pain and still did not receive any pain medication or medical treatment. I only received apologies for the delays and different rescheduling dates to which I still did not get seen.

Facts cont'd.

12.) I was advised by the infirmary manager that I would be seen on 1-7-05. I was not seen and was still in pain.

13.) I was advised again that I was rescheduled for treatment on 1-28-05. I was still denied medical treatment and pain medication because I was not seen.

14.) I was again advised that I would be rescheduled for treatment at a later date.

15.) It has been nearly 5 months and I've still been denied medical treatment and pain medication.

16.) As of todays date, 2-11-05, I still have not received treatment.

17.) Plaintiff made C.M.S. aware through repeated grievances about the denial of medical treatment.

18.) Because C.M.S. has contract with the A.D.C. to provide medical care to incarcerated prisoners holds them liable of deliberate indifference.

19.) Also C.M.S. knew or should have known about the failure of dental to provide treatment due to unjustifiable absences of their employees.

20.) No efforts were made by C.M.S. to have a replacement nor temporary replacement dentist for on call emergency situations like this.

21.) Reasonable efforts were not made to transfer plaintiff to a facility where treatment could be provided.

22.) Policy permits the transfer of inmates to a facility where treatment can be provided. See attached policy. (Health Services A.R. 833)

Claims For Relief

23.) The actions of C.M.S. in denying the plaintiff medical attention constitutes deliberate indifference in violation of the eigth ammendment to the U.S.C.

24.) The actions of all unknown defendants in denying the plaintiff medical attention constitutes deliberate indifference in violation of the eigtth ammendment to the U.S.C.

25.) Also the actions of C.M.S. in knowing of the problems of their staffs attendance but refusing to rectify the problem constitutes deliberate indifference in violation of the eigth ammendment to the U.S.C.

Relief Requested

Wherefore the plaintiff requests that the court grant the following relief:

A.) Issue a declaratory judgement stating that:
  i. The denial of medical attention by C.M.S. and other defendants violated the plaintiffs rights under the eigth ammendment.

B.) Award compensatory damages in the following amounts:
  1. $10,000 for the denial of medical attention and pain and suffering.

C.) AWARD PUNITIVE DAMAGES

D.) Grant Such other Relief AS it MAY SEEM the PLAINTIFF is entitled.

E.) ISSUE AN INJUNCTION ORDERING DEFENDANTS to PROVIDE treatment or TRANSFER the Plaintiff to A FACILITY WHERE treatment CAN be PROVIDED.

( 2-11-05

AARON Flemons II 119749
Y.S.M.
P.O. Box 400
GRADY, AR
71644-0400

Respectfully
Q. Flm



| | Section Number 833 | Page Number 1 of 4 |
|---|---|---|
| **ADMINISTRATIVE REGULATIONS** | Board of Correction Approval Date: 3/30/90 | |
| **STATE OF ARKANSAS** | Supersedes: 809; 824; 842; 855 | Dated: 9/30/82; 2/24/88; 10/18/88; 4/18/8_ |
| **DEPARTMENT OF CORRECTION** | Attorney General Review Date: 3/30/90 | Date Filed Secy. of State: 4/2/90 |

**SUBJECT:** Health Services

I. Authority

The Board of Correction is vested with the authority to promulgate this Administrative Regulation by Act 50 of 1968 as amended.

II. Purpose

This Administrative Regulation establishes the mission, components, adherence to appropriate standards and review mechanisms for the provision of health care services in the Department.

III. Applicability

This Administrative Regulation applies to all providers of health care to inmates. It also applies to administrators and staff making referrals and affected by recommendations of health care providers.

IV. Definitions

   A. "Health care" refers to the variety of goods, services, personnel and procedures involved in providing the full range of prevention, evaluation and treatment of dental, medical and mental disorders.

   B. "Provider" refers to any health care organization, administrator, professional, paraprofessional or member of support staff, whether employed by the Department, under contract to the Department or paid on a fee-for-service basis, providing health care services to inmates.

   C. "Accessible" has a range of meanings depending on the acuteness and seriousness of the health disorder, but generally means that an inmate will be placed in contact

| | Section Number | Page Number |
|---|---|---|
|  **ADMINISTRATIVE REGULATIONS** **STATE OF ARKANSAS** **DEPARTMENT OF CORRECTION** | 833 | 2 of 4 |
| | Board of Correction Approval Date: 3/30/90 | |
| | Supersedes: 809; 824; 842; 855; | Dated: 9/30/82; 2/24/88 10/18/88; 4/18/8 |
| | Attorney General Review Date: 3/30/90 | Date Filed Secy. of State: 4/2/90 |

SUBJECT: Health Services

      with health care staff qualified to evaluate and/or treat the presenting complaint without undue delay or difficulty.

  D. "Reasonable and necessary" means that any treatable problem which significantly impairs the functioning of the individual, and/or presents a risk of contagion to others, and/or which is likely to worsen or cause unnecessary suffering without treatment, will be evaluated and treated according to the current community and professional standards and practices of health care.

V. Policy

    It shall be the policy of the Department to provide health care services accessible to all inmates, which, at a minimum, meet reasonable and necessary health care needs.

VI. Procedures

  A. Each service shall be administered from within the Department of Correction in such a way as to ensure proper care of inmates, effective working relations with other divisions and staff, and program consistency with the mission and methods of the Department.

  B. Each administratively separate health care service shall establish policy and procedures consistent with applicable standards regulating the professional practices of that service.

  C. Each service shall establish a staffing pattern, whether based on funded positions, contract, or fee-for-service, that ensures an adequate number of staff to make services readily available, and proper credentialing to ensure quality of care.

  D. Each service shall ensure that all inmates entering the Department are screened, their health status documented,



| | | Section Number | Page Number |
|---|---|---|---|
| **ADMINISTRATIVE REGULATIONS** **STATE OF ARKANSAS** **DEPARTMENT OF CORRECTION** | | 833 | 3 of 4 |
| | | Board of Correction Approval Date: 3/30/90 | |
| | | Supersedes: 809; 824; 842; 855 | Dated: 9/30/82; 2/24/88 10/18/88; 4/18/80 |
| | | Attorney General Review Date: 3/30/90 | Date Filed Secy. of State: 4/2/90 |

**SUBJECT:** Health Services

and that referrals for treatment are made promptly when serious needs exist.

E. Each service shall establish procedures for inmate access to necessary services that are not provided within the confines of the Department. When transfer to another facility is required, procedure must address any impact on liberty interests and/or stigmatization.

F. Each service shall have policy and supporting documentation addressing issues of informed consent about procedures, the principle of least restrictive or intrusive treatment, and the right to refuse treatment.

G. Each service shall keep proper records of health needs and service delivery. Procedures will be written for safeguarding confidentiality and for informed consent for release of information.

H. Each service shall have a mechanism for handling requests and grievances in such a manner as to assure prompt attention to needs and rapid resolution of problems.

I. Each service shall have formal lines of communication with the warden/center supervisor to ensure proper notification concerning health needs, health care recommendations and incidents relating to health care services. This line of communication shall also provide for regular meetings to resolve problems and conflicts.

J. Medical Services shall have procedures for dealing with special needs inmates, such as the aged, chronically ill, and those having severely limited perceptual or motor abilities.

K. Mental Health Services shall have procedures for dealing with mentally disordered, mentally retarded, brain damaged

| | | Section Number | Page Number |
|---|---|---|---|
|  | **ADMINISTRATIVE REGULATIONS**<br>**STATE OF ARKANSAS**<br>**DEPARTMENT OF CORRECTION** | 833 | 4 of 4 |
| | | Board of Correction Approval Date:<br>3/30/90 | |
| | | Supersedes:<br>809; 824;<br>842; 855 | Dated:<br>9/30/82; 2/24/88;<br>10/18/88; 4/18/80 |
| | | Attorney General<br>Review Date:<br>3/30/90 | Date Filed<br>Secy. of State:<br>4/2/90 |

**SUBJECT:** Health Services

and suicidal inmates, including provisions for special needs inmates requiring intensive and/or long term care.

L. Each service shall establish some mechanism of quality review and/or certification to ensure that the service is adequately providing for the needs of the inmate population.

M. Each service shall provide for training of staff and inmates in disease prophylaxis, recognition of problems, response to emergency health problems, and health care programs.

VII. References

<u>Standards for Health Services in Prisons</u>, National Commission on Correctional Health Care, 1987.

<u>Certification Standards for Health Care Programs</u>, American Correctional Association, 1989.

Act 507 of 1981, 12-29-405.

AR833
(TXTADMRE)

12-21-04

Dear Mr. Max Mobley                    Grievance # V.S.M. 04-2890

I sent this grievance to you requesting to further appeal this. In my appeal I stated I had not received a response from the infirmary to this grievance so I cannot provide the infirmary response. Also I alleged physical abuse in this grievance and the memo I received from Larry Norris states inmates alleging physical abuse, sexual assault, sexual misconduct by staff and sexual harrassment by staff will not be required to address such complaints by submitting an informal resolution form. Please continue the investigation of this appeal because I alleged physical abuse in this grievance.

A. Flemons #119749
Varner Super Max
P.O. Box 400
Grady, AR 71644-0400

Sincerely

A. Flemons

RECEIVED
OFFICE OF THE
INVESTIGATOR

JAN 03 2005

HEALTH & CORRECTIONAL PROGS.
AR DEPT. OF CORRECTION

# ACKNOWLEDGMENT OF GRIEVANCE

TO:     Inmate <u>Flemons, Aaron</u>   ADC# <u>119749</u>      Unit<u>Supermax</u>

FROM:   <u>Max J. Mobley, Deputy Director</u>

RE:     Receipt of Grievance  <u>VSM04-2890</u>

DATE:   <u>December 16, 2004</u>

Please be advised, the appeal of your grievance dated <u>none</u>
          was received in my office on this date <u>12/15/04</u>

You will receive a response from this office by

## OR

☐   This grievance is being returned to you because the time allowed for appeal has expired

☒   This grievance is being returned to you because you have not attached
   ☒ the informal resolution (Attachment 1)
   ☐ the original grievance
   ☐ the Warden's/Center Supervisor's Decision (Attachment 2)
   ☒ the Infirmary Response
   ☐ a clear statement of appeal (Back of Attachment 2)
   Return your grievance with the checked items if you wish to continue the appeal process.

RECEIVED
OFFICE OF THE
INVESTIGATOR

JAN 03 2005

HEALTH & CORRECTIONAL PROGS.
AR DEPT. OF CORRECTION

**GRIEVANCE FORM** - (Attachment 1A)

FOR OFFICE USE ONLY
Grv. # WJM04-02890
Date Received 11-15-04
Grievance Code: 600

UNIT/CENTER Varner Super Max

**PLEASE PRINT**
Name AARON FLEMONS          ADC# 127749     BKS 6-d    Job Assignment _____

IS THIS GRIEVANCE A MEDICAL GRIEVANCE?   Yes ✓    No ____

***

**All complaints/concerns should first be handled informally before proceeding to the formal grievance procedure.**

THE ORIGINAL INFORMAL RESOLUTION FORM SHALL BE ATTACHED

**Informal Action Taken**

Have you discussed this problem with your designated problem-solver? Yes ___ No ✓  If yes, give date _____

Why do you feel the informal resolution was unsuccessful? This grievance concerns physical abuse.

***

Please give a **BRIEF**, clear statement of your grievance. This statement must be specific as to the complaint, **dates**, places, personnel involved, how **you** were affected and what you want to resolve the issue. **One issue** or incident per grievance. Additional pages or forms will **not** be allowed and if attached, will result in the automatic rejection of this grievance without content review.

I've been placing sick calls in for about 2 months to have my tooth taken care of. I have a cavity and my tooth is in great pain. I told the dentist this and he stated I would be seen within the month. That was September. I need to be seen and I request compensation for the unnecessary pain and suffering. Furthermore this needs to be taken care of immediately. Infirmary staff are physically abusing me by refusing to see me about my tooth even though they have knowledge of the problem.

RECEIVED
OFFICE OF THE
INVESTIGATOR
JAN 03 2005

HEALTH & CORRECTIONAL PROGS.
AR DEPT. OF CORRECTION

IS THIS AN EMERGENCY SITUATION? YES ✓  NO ___  If yes, why? I'm in physical pain. I've been waiting on my dental appointment for 2 months. My tooth has been hurting for that long.

(An emergency situation is one in which you may be subject to a substantial risk or physical harm. It should not be declared for ordinary problems that are not of a serious nature.) If you marked yes, you may give this completed form to any officer or department employee who shall sign the attached emergency receipt, give you the receipt and deliver it without undue delay to the ARO, the Warden/Center Supervisor or, in their absence, to the Unit/Center Assistant Warden. REPRISALS: If you are harmed or threatened because of your use of the grievance form, report it immediately to the Warden.

_____                      _____
INMATE SIGNATURE                                              DATE

(TO BE FILLED OUT BY THE RECEIVING OFFICER)
RECEIPT FOR EMERGENCY SITUATIONS
OFFICER (Please Print) C. D. Davis        Signature C. D. Davis
FROM WHICH INMATE? Aaron Flemons                             ADC# 127749
DATE: 11-10-04              TIME: 7:25 p.m.

INMATE NAME _____ ADC# _____ GRIEVANCE # _____
          *Flemmons, Aaron*                  *119749*                *VSM 04-02890*

## WARDEN'S/CENTER SUPERVISOR DECISION

YOUR GRIEVANCE WAS RECEIVED ON 11-15-04

I HAVE DETERMINED THAT YOUR GRIEVANCE IS A MEDICAL MATTER. I HAVE FORWARDED YOUR GRIEVANCE TO THE MEDICAL ADMINISTRATOR WHO WILL PROVIDE A WRITTEN RESPONSE, AN/OR WILL INTERVIEW YOU WITHIN TWENTY WORKING DAYS OF THE DATE I RECEIVED YOUR GRIEVANCE, SHOULD YOU RECEIVE NO RESPONSE WITHIN THIS TIME FRAME, OR THE RESPONSE THAT YOU RECEIVED IS UNSATISFATORY, YOU MAY APPEAL TO THE DEPUTY DIRECTOR FOR HEALTH AND CORRECTIONAL PROGRAMS. IF YOU HAVE MEDICAL NEEDS THAT YOU BELIEVE ARE URGENT, PUT IN A SICK CALL REQUEST, OR SEND A REQUEST FOR AN INTERVIEW TO THE MEDICAL ADMINISTRATOR.

SHOULD YOU DISAGREE WITH MY DECISION, YOU MAY APPEAL TO THE DEPUTY DIRECTOR R. HOBBS, AT CENTRAL OFFICE, WITHIN FIVE (5) WORKING DAYS.

RECEIVED
OFFICE OF THE
INVESTIGATOR
DEC 15 2004
HEALTH & CORRECTIONAL PROGS.
AR DEPT. OF CORRECTION

_____      _____    11-16-2004
Signature of ARO or Warden's/Supervisor's Designee    Title            Date

---

## INMATE'S APPEAL

If you are not satisfied with this response, you may appeal this decision within five working days by filling in the information requested below and mailing it to the appropriate Deputy/Assistant Director. Keep in mind that you are appealing the decision to the original complaint. Do not list additional issues, which are not a part of your complaint.

WHY DO YOU NOT AGREE WITH THE RESPONSE? I appeal this grievance ~~[illegible]~~ further because I have not received a response from the infirmary nor received a relief from the physical ~~[illegible]~~ abuse I am suffering due to the denial of dental attention from the C.M.S. staff at the Varner Super Max. This grievance is with merit because I was supposed to be seen in September or October but I still have not received treatment for this painful tooth. With the above stated I appeal this grievance as to exhaust remedies so a civil suit can be filed. E.O.A.

RECEIVED
OFFICE OF THE
INVESTIGATOR

_A. Flemmons_      JAN 03 2005      119749      12-15-04
Inmate Signature                                            ADC#         Date
HEALTH & CORRECTIONAL PROGS.
AR DEPT. OF CORRECTION

Back of Attachment II

| INMATE NAME | Flemons, Aaron | ADC | 119749 | GRIEVANCE | VSM04-2890 |

## DEPUTY/ASSISTANT DIRECTOR'S DECISION

Your appeal states, "I appeal this grievance further because I have not received a response from the Infirmary nor received relief from the physical abuse I am suffering due to the denial of dental attention from the CMS staff at the Varner Supermax. This grievance is with merit because I was supposed to be seen in September or October and I still have not received treatment for this painful tooth. With the above stated I appeal this grievance and to exhaust remedies so a civil suit can be filed. E. O. A. ".

Records indicate that you submitted a Dental Sick Call Request on 10/16/04 about needing to have a "painful tooth filled". You were scheduled to have this procedure completed on 1/7/05 but for unforeseen problems the dentist was unable to come to the unit that day. However you have been rescheduled to see him on 1/28/05.

This appeal had merit but is resolving.

**Note:** I do believe that you have taken the term "physical abuse" and used it out of the context for which it was meant. The inaction of staff does not indicate physical abuse and in the future you should follow the Inmate Grievance Procedure, AD04-01, which includes the attempt to resolve this type of problem by using the Informal Resolution process.

_____    1-31-05
SIGNATURE                          DATE

Please be advised that if you appeal this decision to the U. S. District Court a copy of this Deputy/Assistant Director must be attached to any petition or complaint or the Court must dismiss your case without notice. You shall also be subject to paying filing fees pursuant to the Prison Litigation Act of 1995.